**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

INFORMED CONSENT ACTION
NETWORK,

       *Plaintiff*,

    v.

FOOD AND DRUG ADMINISTRATION,
*et al.*,

       *Defendants*.

Civil Action No. 1:25-cv-00826 (CJN)

**<u>ORDER</u>**

The government moves to stay the proceedings in this FOIA case (in which Plaintiff seeks information from the FDA about clinical trial protocols for the polio vaccine) until December 14, 2026. *See* ECF 1 at 2; ECF 14; ECF 19 at 1 n.1. For the reasons that follow, the Court grants in part and denies in part the motion and issues a stay through October 1, 2026.

An agency that receives a FOIA request ordinarily must "determine within 20 days . . . whether to comply with such request," and then—if it decides to comply—make the requested records "promptly available." 5 U.S.C. §§ 552(a)(6)(A)(i), (C)(i). But "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records." *Id.* § 552(a)(6)(C)(i). "'[E]xceptional circumstances exist' when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress" and its "existing resources are inadequate to deal with the volume of such requests within the [otherwise applicable] time limits." *Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976). And an agency can demonstrate its "due diligence" in

complying with the requirements of FOIA by showing that it has a satisfactory "present procedure for processing FOIA requests"—such as one that categorizes requests by difficulty, seeks to proceed on a "first-in, first-out basis," and is staffed by an adequate number of personnel.[1] *Id.* at 612–13.

The government has demonstrated that a stay under 5 U.S.C. § 552(a)(6)(C)(i) (also known as an *Open America* stay) is warranted here.  In the past several years, court orders in two FOIA cases in the Northern District of Texas have compelled the Food and Drug Administration, through its Center for Biologics Evaluation and Research, to produce approximately 9.1 million pages of COVID-19 vaccine records within a highly compressed timeframe.  *See Pub. Health & Med. Pros. for Transparency v. FDA*, Civ. A. No. 21-1058 (N.D. Tex.) ("*PHMPT I*"); *Pub. Health & Med. Pros. for Transparency v. FDA*, Civ. A. No. 22-915 (N.D. Tex.) ("*PHMPT II*"); *see also* ECF 14-2 ¶¶ 7–10.  The FDA was initially required to produce at least 90,000 pages per month from July 2023 to November 2023.  ECF 14-2 ¶ 8.  Then, to satisfy a later production order in *PHMPT II*, the FDA needed to produce at least 230,000 pages per month through June 2025.  *Id.*  And most recently, the FDA was ordered to produce additional records in *PHMPT II* at a rate of at least 180,000 pages per month to meet an October 1, 2026, deadline.  *Id.* ¶ 10.  This unprecedentedly demanding production schedule—which has prompted the FDA to hire new employees and substantially reallocate its existing staff, *id.* ¶¶ 30–36—far exceeds a "predictable" agency workload and thus constitutes "exceptional circumstances" within the meaning of FOIA, *Elec.*

---

[1] Despite Plaintiff's suggestions to the contrary, ECF 16 at 8–17, the Court cannot ignore or overrule the Court of Appeals's binding holding in *Open America* permitting stays when these requirements are met, *see United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997) ("[D]istrict judges, like panels of this court, are obligated to follow controlling circuit precedent until either we, sitting en banc, or the Supreme Court, overrule it."); *Resol. Tr. Corp. v. Burke*, 869 F. Supp. 15, 18 (D.D.C. 1994) ("[T]his Court is bound to follow the law set forth by the Court of Appeals in this Circuit.").

*Frontier Found. v. Dep't of Just.*, 517 F. Supp. 2d 111, 119 (D.D.C. 2007) (citations omitted); *see also Informed Consent Action Network v. FDA*, No. 25-cv-832, 2026 WL 310004, at \*3 (D.D.C. Feb. 5, 2026) ("[T]he judges in this district [have] f[ound] that the workload imposed on CBER by the [*PHMPT*] orders, compounded by an overall increase in FOIA requests and related litigation, demonstrate 'exceptional circumstances.'" (citation omitted)); *Child.'s Health Def. v. FDA*, No. 23-cv-220, 2024 WL 147851, at \*3 (D.D.C. Jan. 12, 2024) (describing the same schedule as "more overwhelming than the extraordinary increase in FOIA workloads that past decisions have found sufficient to warrant stays"); ECF 19 at 4–5.

The FDA has also exercised due diligence in responding to the FOIA requests it receives, including the one at issue in this case. FOIA requests that seek documents maintained by the CBER are placed into one of six "queues" based on their "volume, complexity, or subject matter," and requests in each queue are generally processed in the order submitted. ECF 14-2 ¶¶ 17–18. These standard protocols, in addition to the FDA's efforts to hire new staff in the wake of the *PHMPT I* and *PHMPT II* orders, "have been found sufficient to establish due diligence in other cases." *Child.'s Health Def.*, 2024 WL 147851, at \*3. Seeking to avoid this consistent conclusion, Plaintiff now alleges in supplemental briefing that the FDA's practices have changed because the government's latest filing uses "first-in, first-processed" rather than "first-in, first-out" to describe its processing system. ECF 20 at 1 (quoting ECF 19-1 ¶ 20). But this change in terminology has little effect on the due-diligence inquiry. The evidence that Plaintiff points to regarding the FDA's overall FOIA statistics does not show that the CBER—the department within the FDA that possesses the records at issue and that has been subject to the *PHMPT* orders—is reviewing requests within the same track out of order. *See* ECF 20-1 at 2 (chart with data about the processing of subsequent requests that does not specify the department assigned to the requests being

3

compared).  Indeed, it is entirely unsurprising that some of the FDA's FOIA requests are processed faster than the one at issue here given that many fall under different departments within the FDA that are not affected by the *PHMPT* orders and others assigned to the CBER are simple enough to not need placed on the complex track.  *See* ECF 14-2 ¶ 18 ("[S]ome queues move faster than other queues, so the number of requests ahead of a particular request in one queue may not reflect whether it will be processed before a particular request in a different queue.").  The Court therefore "joins other courts in this district in finding that [the FDA's] consistent FOIA policies and targeted hiring in response to exceptional demands are sufficient to demonstrate due diligence." *Informed Consent Action Network v. FDA*, No. 25-cv-823, 2025 WL 2938703, at \*4 (D.D.C. Oct. 16, 2025).

It is clear that an *Open America* stay of some duration is appropriate.[2]  The stay through December 14, 2026, sought by the government, however, is too long—at least at present.  As the government admits, production in *PHMPT I* is finished and production in *PHMPT II* will be completed by October 1, 2026.  ECF 19 at 2–3.  The Court therefore stays this case only until October 1, 2026, subject to further consideration with the benefit of new information following that date.  Upon conclusion of the stay, the Court requires the Parties to submit a joint status report on or before November 1, 2026, which gives the government a month to assess next steps for this FOIA request after production finishes in the *PHMPT* matters.  Accordingly, it is hereby

**ORDERED** that the government's motion to stay, ECF 14, is **GRANTED IN PART** and **DENIED IN PART**; and it is further

---

[2] Because the Court concludes that an *Open America* stay is appropriate, it does not address the government's alternative argument that it also meets the requirements for a stay under *Landis v. North American Co.*, 299 U.S. 248 (1936).  *See* ECF 14-1 at 21–23.

**ORDERED** that this case is **STAYED** until and including October 1, 2026, with respect to any FDA processing of records (*i.e.*, search, review, and redaction) for Plaintiff's FOIA Request No. 2020-7563; and it is further

**ORDERED** that the Parties shall file a joint status report on or before November 1, 2026, that provides an update about this FOIA request and proposes a schedule for further proceedings. If circumstances change while the case is stayed that warrant lifting the stay or otherwise affect the posture of this case, the Parties may file a joint status report before then.

DATE:  March 23, 2026

_____
CARL J. NICHOLS
United States District Judge